Las Mercantiles Francisco Forteza & Co. y Toro Pérez & Co., S. en C., demandantes y apeladas, *v.* Miguel Colón Nazario y Esposa Lorenza Soto Rodríguez, demandados y apelantes.

No. 3457.—*Visto:* Marzo 20, 1925. *Resuelto:* Abril 7, 1926.

1. Transacciones y Arreglos — Su Anulación — Derechos de las Partes a Anular—En General.—Cuando la manifestación falsa de un deudor de que no tiene otros bienes que los embargádoles es causa de que un acreedor convenga en aceptarlos en pago, el acreedor no está obligado por el con-

venio y tiene derecho a anularlo sin hacer un ofrecimiento de los bienes recibidos en virtud del mismo.

2. Transacciones y Arreglos—Su Anulación—Restitución de los Recibidos—Substitución Substancial.—Hay substitución substancial para la restitución de unas existencias cuando, por haberse embargado y vendido, con conocimiento y consentimiento del deudor, no hay posibilidad alguna de la devolución específica de las mismas.

3. Transacciones y Arreglos—Su Anulación—Acción—Demanda—Suficiencia de la Misma.—Una demanda en la cual se alega una cuenta corriente, una tentativa fraudulenta para saldar mediante un pago parcial llamado transacción, la nulidad de tal transacción y en que se solicita que se declare dicha nulidad, y en reclamación del saldo debido, determina suficientemente una causa de acción.

4. Transacciones y Arreglos—Su Anulación—Estoppel para Pedirla—Ratificación — Actos no Constitutivos de Ratificación.—Cuando posterior a un arreglo se viene en conocimiento de que el deudor ocultó sus bienes, y empezadas negociaciones tendentes a, resultan en un traspaso de otros bienes del deudor, tal estado de cosas, más bien que una ratificación del arreglo original es un reconocimiento de que el mismo fué fraudulento.

5. Apelación y Error—Revisión—Errores no Perjudiciales en las Sentencias—Omisión de Hacer Pronunciamiento Contra Una Parte.—La omisión de una corte de hacer pronunciamiento alguno en la sentencia contra una parte cuya posición en el pleito es la de una parte adecuada más que necesaria, es un error que, de existir, no es perjudicial.

Sentencia de *Rafael Díaz Cintrón,* J. (Ponce), declarando nulo un contrato de transacción y condenando al demandado Colón al pago de ciertas cantidades con intereses, más las costas.  *Confirmada.*

*Carlos Brunet,* abogado de los apelantes; *López de Tord & Zayas* y *Pizarro,* abogados de las apeladas.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Es importante en esta apelación fijar claramente la naturaleza de la acción que ha sido establecida por las mercantiles demandantes.  Los apelantes dicen que si bien la acción se titula de "rescisión y cobro de dinero," es realmente una de nulidad de contrato.  Como el cuarto señalamiento de error es que la sentencia es contraria a la ley y a la evidencia, examinaremos primero los hechos para poder entender bien las cuestiones litigiosas suscitadas.

El apelante Miguel Colón Nazario tenía fuertes compromisos con las dos mercantiles, o sea, las apeladas en este

caso, que establecieron demanda contra él embargando todas las existencias que tenía en cierto establecimiento mercantil de Ponce perteneciente al deudor. Más tarde, el día 5 de enero de 1923, se reunieron las partes y redactaron un documento por escrito en el cual se decía en substancia, que toda vez que Colón debía a las apeladas la suma de $9,199.44, y por cuanto dicho Colón había manifestado a las apeladas que él no tenía otros bienes o propiedad que los embargados, las mercantiles apeladas convinieron en aceptar en pago de sus reclamaciones los bienes así embargados valorados en $1,500 y $1,000 más, que el referido Colón tomó prestado para pagar a dichas apeladas. Las existencias fueron vendidas subsiguientemente por las apeladas. En el juicio apareció por una fuerte preponderancia de la prueba, que Colón había perpetrado un fraude con sus acreedores; que en la fecha de la alegada transacción él tenía muchos bienes inmuebles y muebles, y la corte dictó sentencia en favor de las demandantes por el saldo entre la suma satisfecha a virtud del documento escrito de enero 5, 1923, y la cuenta que se debía o se decía deber en la fecha de la sentencia. La corte declaró que dicho documento escrito, el cual designó como una transacción, era nulo y sin valor.

El primer señalamiento de error es que la corte erró al declarar sin lugar la excepción previa formulada por los demandados. Sucintamente, la teoría es que antes de haber tenido ellos derecho a solicitar la nulidad de la alegada transacción de enero 5, 1923, las demandantes debieron haber devuelto u ofrecido a los demandados los efectos o cosas que dichas demandantes habían recibido por virtud de la misma. Los apelantes se fundan en el artículo 1270 del Código Civil, el cual es como sigue:

"Declarada la nulidad de una obligación los contratantes deben restituirse recíprocamente las cosas que hubiesen sido materia del contrato, con sus frutos, y el precio con los intereses, salvo lo que se dispone en los artículos siguientes."

[1] Los apelados sostienen que no están comprendidos en este precepto legal y también alegan un cumplimiento subs-tancial. El artículo 1273 del Código Civil, en el cual descan-san en parte las apeladas, establece una excepción a la regla de la restitución de la propiedad cuando la causa o consi-deración era falsa y la parte que solicita la nulidad no tiene culpa alguna. O la transacción de enero 5, 1923, carecía de consideración, o ésta, o el móvil de la misma, fué la ma-nifestación de que el deudor no tenía otros bienes. De modo que los acreedores no estaban obligados por nada de lo expresado en dicha transacción y tenían derecho a que fuera anulada sin hacer un ofrecimiento de las existencias o dinero recibido. Esta conclusión no quiere decir que un deudor no podría tener una acción o un crédito por la pro-piedad o dinero en realidad traspasado a los acreedores.

[2] Las apeladas también sostienen, y estamos de acuerdo con ellas, en que hubo una substitución substancial para la restitución de las existencias. Dichas existencias embar-gadas fueron prontamente vendidas y esto se hizo, según parece, con el conocimiento y consentimiento del deudor. No hubo ninguna posibilidad de la devolución específica de las existencias. Los acreedores hicieron luego lo mejor que pudieron. Ellos le acreditaron al deudor las sumas obteni-das en la realización de las existencias y recibidas por ellos. Esto es todo lo que las circunstancias podían exigir en cual-quier caso como éste, pues la ley no requiere imposibilidades.

[3] Por tanto, una demanda en la cual se alega una cuenta corriente, una tentativa fraudulenta para saldar me-diante un pago parcial llamado transacción, la nulidad de tal transacción y en que se solicita que se declare dicha nu-lidad, y en reclamación del saldo debido, todo lo cual se hizo aquí, determina suficientemente una causa de acción.

[4] El segundo señalamiento de error se refiere a la ale-gada ratificación de la transacción. Las apeladas después de haber tenido conocimiento de la ocultación de los bienes, empezaron otras negociaciones tendentes al traspaso de otros

bienes, aceptando así, según los apelantes, el *status quo* creado por la transacción. El deudor quería pagar más cantidades y en verdad traspasó otras existencias. Este estado de cosas más bien que una ratificación del fraude fué un reconocimiento y confirmación de la posición de las apeladas, o sea, que la transacción original era tal fraude y no un verdadero arreglo entre las partes.

[5] También convenimos con las apeladas en que la omisión de la corte en hacer pronunciamiento alguno contra Lorenza Soto Rodríguez fué un error que no perjudicaba, si es que podía considerarse como verdadero error. Ella era la esposa del deudor Colón Nazario. Su posición, para los fines de este pleito creemos que era la de una parte adecuada más que una necesaria. Las negociaciones tendentes a un segundo arreglo no se consumaron debido a su negativa en tomar participación en ellas. Estaba enteramente dentro de su facultad obtener de la corte inferior una declaración absolviéndola de cualquier responsabilidad excepto de aquella que emanaba necesariamente del hecho de ser ella miembro de la sociedad conyugal de la cual su esposo era el administrador. No vemos ningún perjuicio y posiblemente alguna ventaja para ella en el silencio de la sentencia en cuanto a ella.

El cuarto señalamiento de error, en tanto es específico, se refiere a la apreciación de la prueba y a la teoría general del caso. Hubo, por ejemplo, una contrademanda en la que se solicitaban daños y perjuicios por la forma en que las demandantes embargaron las existencias del demandado Colón y molestaron a su esposa. Las declaraciones de los testigos fueron enteramente contradictorias en este sentido y caían perfectamente dentro de la facultad discrecional que tiene una corte al apreciar la prueba

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Hutchison y Franco Soto, disintieron.